IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DONALD PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-cv-42-HEH |
| | ) |
| NURSE C. BOYD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
(Denying Plaintiff's Rule 59(e) Motion but
Opening Complaint as a New Civil Action)

Plaintiff Donald Parker ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In his Complaint (ECF No. 1), he named Nurse C. Boyd, Mr. R. Meneses, and the Hampton Roads Regional Jail as Defendants. (Compl. at 1.) A review of the Court's docket reflected that Plaintiff had what appeared to be an identical complaint pending in the Norfolk Division of this Court, naming C. Boyd, R. Meneses, A. Sweat, Lt. Col. Vargakas, and the Hampton Roads Regional Jail as the defendants. *Parker v. Boyd*, No. 2:23-cv-143-MSD-RJK (E.D. Va. filed Apr. 5, 2023).[1] A Motion to Dismiss had been filed in that action, and Plaintiff responded. *See id.* at ECF Nos. 3, 9. By Memorandum Order entered on October 6,

---

[1] This case was removed to federal court by Defendants. Plaintiff added two additional Defendants on the first cover page of the complaint that was originally filed in the Portsmouth Circuit Court. *See Parker v. Boyd*, No. 2:23-cv-143-MSD-RJK (E.D. Va. filed Apr. 5, 2023), ECF No. 1-2, at 3.

2023 (ECF No. 18), the Court explained that Plaintiff may not litigate the same claims against the same Defendants in two different civil actions. (Mem. Order at 2.) Accordingly, the Court directed that, "within twenty (20) days of the date of entry [t]hereof, Plaintiff must show cause why this action should not be dismissed without prejudice in light of Plaintiff's litigation of his claims in *Parker v. Boyd*, No. 2:23CV143–MSD–RJK pending in the Norfolk Division." (*Id.*) The Court explained that a failure to comply with the Court's directive would result in summary dismissal of the action. (*Id.*)

On November 1, 2023, the Court received Plaintiff's response (ECF No. 20). Plaintiff indicated that he wanted to litigate the action in Richmond and would dismiss the Norfolk case. (*Id.* at 2.) However, the Court reviewed the docket for the Norfolk Division and Plaintiff had not filed anything since May 2023 and had not written to that Division in the time since the Court received his response. Accordingly, by Memorandum Opinion and Order entered on December 7, 2023, the Court explained that "Plaintiff may not litigate the same claims in two different actions" and dismissed this action without prejudice to Plaintiff's litigation of the claims in *Parker v. Boyd*, No. 2:23-cv-143–MSD–RJK. (Mem. Op. at 3, ECF No. 21.)

On December 21, 2023, the Court received Plaintiff's response (ECF No. 24) to the December 7, 2023 Memorandum Opinion and Order in which Plaintiff seeks reconsideration. (*Id.* at 1.) Because Plaintiff's submission was received within twenty-eight (28) days after the entry of the December 7, 2023 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of

2

Civil Procedure 59(e) (the "Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that a filing made within the requisite Rule 59(e) timeframe shall be construed as a Rule 59(e) motion) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citation and quotations omitted). The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff does not cite to any change in the controlling law, or new evidence that was not previously available in support of his Rule 59(e) Motion. Further, Plaintiff fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. At most, Parker indicates that he did not "know he had a time limit" to contact the Norfolk Division and that he would now be seeking dismissal of that case. (Rule 59(e) Mot. at 1.) In short, Plaintiff did not make any effort to dismiss the Norfolk case after the warning from the Court and, therefore, he fails to show that Rule 59(e) relief is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 24) will be denied.

3

Nevertheless, the Court's review of the docket in the Norfolk case shows that Plaintiff filed a motion to voluntarily dismiss that action, and, on January 2, 2024, the Norfolk Division dismissed the case without prejudice. *See Parker v. Boyd*, No. 2:23-cv-143–MSD–RJK, ECF No. 18. Because it appears that Plaintiff remains intent on litigating the underlying action, and the duplicative case has been dismissed, the Court will direct the Clerk to file his Complaint as a new civil action. The Clerk will be directed to docket a copy of this Memorandum Order in the new civil action. Once a new civil action has been opened, the Court will continue to process the action. The present civil action, however, remains closed.

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 27, 2024
Richmond, Virginia